UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 07-61362-Civ-Cohn/Seltzer

LEROY YON, JR.,

    Plaintiff,

v.

ALLIANCE ONE RECEIVABLES
MANAGEMENT, INC.,

    Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Defendant's Motion for Summary Judgment [DE 15] and Plaintiff's Motion to Dismiss without prejudice [DE 18]. The Court has carefully considered the filings and is otherwise duly advised in the premises.

Defendant seeks summary judgment while Plaintiff seeks to dismiss this action without prejudice. Pursuant to Rule 41 of the Federal Rules of Civil Procedure, a Plaintiff may dismiss his action without prejudice at any time prior to filing by defendant of an answer or motion for summary judgment. Plaintiff argues in this case that the Court has discretion to dismiss this action without prejudice despite the filing of an answer and motion for summary judgment. Fisher v. Puerto Rico Marine Management, Inc., 940 F.2d 1502, 1503 (11th Cir. 2002).

Plaintiff brought this action alleging a violation of the Fair Debt Collection Practices Act ("FDCPA") for Defendants' telephonic communication that failed to indicate it was an attempt to collect a debt. Although Plaintiff believed the debt may have been a medical debt, it turns out that the debt was due to a traffic ticket, which means the

underlying debt is not subject to the FDCPA.  Defendant asserts that it informed Plaintiff of this fact in early October before filing of its motion.  Plaintiff's position is that because Defendant is a large debt collector, he wanted some documentary evidence that the debt that was attempted to be collected upon was in fact only the traffic ticket debt.  Plaintiff also delayed responding to Defendant's correspondence regarding the lack of an FDCPA debt due to some medical issues.  Plaintiff asserts that when he was able to speak with Defendant's counsel on October 30, 2007 and received the account history notes supporting Defendant's position, he offered to dismiss the case.  Exhibit C to Plaintiff's Motion to Dismiss [DE 18-4].  Defendant did not agree to dismissal unless Plaintiff paid Defendant $2,500 in attorney's fees.  Exhibit D [DE 18-5].  Plaintiff then moved for an extension of time to respond to the summary judgment motion, resulting in Plaintiff's motion to dismiss.  Defendant opposes the motion to dismiss and seeks summary judgment.

The Court has considered the arguments and regrets that two experienced counsel who due to the nature of their practice areas will repeatedly be adversaries in this Court cannot work out such a matter between them.  In its discretion under Rule 41, the Court determines that Defendant's motion should essentially be granted, in that the case should be dismissed with prejudice as to the traffic ticket debt, and without prejudice as to any other debt that may be outstanding and collectible by Defendant against Plaintiff.  Neither side has formally moved for attorney's fees, and on the record before the Court under the governing FDCPA law, no fees should be awarded.  Defendant would be entitled to any costs pursuant to Rule 54(d) and 28 U.S.C. § 1920,

but it seems unlikely that Defendant has occurred any costs so recoverable.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Summary Judgment [DE 15] is hereby **GRANTED**;

2. Plaintiff's Motion to Dismiss without prejudice [DE 18] is hereby **DENIED**;

3. Summary Judgment in this case extends only to actions taken with regard to the traffic ticket debt and no other debts of Plaintiff;

4. The Clerk may close this case.

DONE AND ORDERED in chambers in Fort Lauderdale, Broward County, Florida, this 5th day of December, 2007.

JAMES I. COHN
United States District Judge

cc:   Donald A. Yarbrough, Esq., Counsel for Plaintiff
      Dale T. Golden, Esq., Counsel for Defendant